8609

BATSON v. GREENVILLE & KNOXVILLE RY. CO.

1. RAILROADS—CROSSINGS—NEGLIGENCE.—In this case the charge was as explicit as the Court should have made it on the doctrine that failure to observe due care at a dangerous crossing at a time when the traveler had knowledge or ought to have known that a train was approaching, is gross negligence.
2. ISSUES.—A party may withdraw an abandonment of issues if it is done at a time that the other party could not be prejudiced thereby.
3. RAILROADS—CROSSINGS—NEGLIGENCE—ISSUES.—Whether a failure to give a crossing signal at a dangerous crossing is wilful or inadvertent is for the jury.

Before DEVORE, J., Greenville, November term, 1912. Affirmed.

Action by W. Y. Batson, administrator of J. Asa Batson, against the Greenville & Knoxville Railway Company. Defendant appeals.

*Messrs. O. K. Mauldin* and *Haynsworth & Haynsworth,* for appellant. *Mr. Mauldin* cites: *Carelessly driving on a public crossing is gross negligence:* 86 S. C. 385; 76 S. C. 379; 94 S. C. 143.

*Messrs. McCullough, Martin & Blythe,* contra, cite: *Judge should not state what things make negligence:* 51 S. C. 453; 53 S. C. 448; 61 S. C. 556. *There was evidence sufficient to carry issue of wilfulness to jury:* 82 S. C. 327; 90 S. C. 266; 85 S. C. 25.

July 14, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for the killing of plaintiff's intestate at the crossing of a public highway and the railroad.

All the exceptions refer to the charge of the presiding Judge and the facts upon which the suit is based need not be set out.

The first and second exceptions are as follows:

1. "His Honor erred in not charging the third request submitted: 'If a person carelessly drives upon a railway crossing in front of an approaching train, by the exercise of slight care, he could and would have known that the train was approaching, and that it was dangerous to attempt to cross, then such person may be said to have been guilty of gross negligence; because failure to exercise slight care is gross negligence, and, in such case, the party could not recover even though the railway company had negligently failed to ring the bell or blow the whistle.'

"It is submitted that no part of the charge as given clearly presented to the jury the proposition of law that a person who drives upon a railroad crossing, who knows or ought to know that it is dangerous to attempt to cross at that moment, is guilty of gross negligence.

2. "He erred in not charging defendant's seventh request as submitted, to wit: 'If one about to cross a railroad track fails to take slight care to ascertain whether the train is approaching or whether there is any danger in attempting to cross the railroad track, this would constitute gross negligence, and if this operated as the proximate cause of his injury, he could not recover even though the railway company had failed to blow the whistle or ring the bell.'

"It is submitted that this request correctly stated a proposition of law applicable to the case, not covered by the charge as given, and which was not on the facts."

His Honor charged the jury as follows:

2. " 'Then and under such circumstances it is his duty then to look out for himself, to use reasonable care for the purpose of protecting himself and for his own safety.' The balance of that request, I think, is on the facts and I will not charge it.

"That request means this, gentlemen, in sum and substance: As I have already explained to you, that while it is

the duty of the railroad company to blow the whistle and ring the bell, as I have explained to you, yet if a person has notice in some other way that the train is approaching and he knows it is approaching the crossing, then he must use that degree of care and caution that a person of ordinary care and prudence would have used under the same or similar circumstances and look out for himself. He cannot be guilty of gross negligence under such circumstances. And if he knew on that occasion, if he knew that the train was coming, if he knew it in any other way other than by the blowing of the whistle or the ringing of the bell, and he failed to observe such care and caution and prudence under those circumstances as a person of ordinary reason and prudence and care would have done, and his failure to do that contributed to his own death, as a direct and proximate cause thereby, he could not recover, unless you conclude that the act of the defendant was wilful and reckless, or that the defendant was guilty of a conscious failure to perform a duty imposed by law.

3. " 'Then it is for you to say whether such person was guilty of gross negligence or not.' I charge it that way. 'The failure to exercise slight care is gross negligence.' I charge you that.

" 'Provided his failure to exercise slight care contributed as a direct and proximate cause of his death or injury.' I charge you that with that addition."

His Honor charged all it was proper for him to charge.

2. The third exception is: 3. "He erred in not charging defendant's ninth request as submitted, to wit: 'The plaintiff having in open Court withdrawn all charges of common law negligence, and announced that the only charge of negligence upon which he relies is the claim that the railway company failed to give the crossing signals as required by statute, I therefore charge that unless you are satisfied by the preponderance of the evidence that the railway company did, in fact, fail to give the crossing

signals by blowing the whistle or ringing the bell as required by statute, your verdict must, in that case, be for the railway company.' It is submitted that this request correctly stated a proposition of law applicable to the case which was not covered by the charge."

It is true that the plaintiff's attorney did say just before the charge began that the allegations as to common law negligence were withdrawn, but just after the charge began, his Honor asked for the issues and stated them as follows:

Court: "In other words, the claim as it stands now is, that the first act was done recklessly and wilfully, the second was done recklessly and wilfully, the third was done recklessly and wilfully, and the fourth was done negligently, recklessly and wilfully.

Mr. Blythe: "That's correct, sir."

There were four specifications of negligence in the complaint. They were all included in the statement. Plaintiff had the right to withdraw the withdrawal unless something had been done or omitted that prejudiced the defendant. If the defendant had failed to introduce any evidence or omitted any argument on account of plaintiff's statement, it would have been different. It seems from the case, that both statements were made after evidence and argument had closed. No prejudice has been shown and this exception is overruled.

Expection four: 4. "He erred in not charging defendant's eleventh request as submitted, to wit: 'I charge you further that there is no evidence in this case to carry the question of wilfulness or wantonness to the jury. This question, therefore, is withdrawn and you need not consider that charge in the complaint.' It is submitted that there was no evidence of a wilful, wanton or reckless failure to give the statutory signals; the evidence at most, only being open to the inference of ordinary negligence."

The facts were before the jury and it was their province to say whether there was a failure to give signals of the approach of the train and if there was a failure, whether it was mere inadvertence or wilful and wanton disregard of duty. The appellant thinks that crossing was so dangerous that the respondent should have been very careful in approaching it. The natural obligation was mutual and the statute has added the giving of signals to the appellant. Unfortunately there is no law in this country to prevent a death trap like this, where the public highway and a railroad cross each other and both are in cuts. It is no part of the duty of the Courts to make law. It is the province of the Courts to enforce the law and the province of the jury to say whether it is wilful and reckless disregard of duty to fail (if it did fail) to give the warning required by law, at a dangerous place.

The judgment is affirmed.